IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH SULLIVAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DISALLE, PATRICK GRIMM, THE COUNTY OF WASHINGTON, ADMINISTRATIVE OFFICE OF PENNSYLVANIA COURTS, UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA, THE WASHINGTON COUNTY COURT OF COMMON PLEAS 27TH JUDICIAL DISTRICT OF THE UJS,<br><br>　　　　　Defendants. | 2:25-CV-00366-CCW |

## **OPINION**

Before the Court are Motions to Dismiss by Defendant Patrick Grimm, ECF No. 12, Defendant John DiSalle, ECF No. 14, Defendants Administrative Office of Pennsylvania Courts ("AOPC"), the Washington County Court of Common Pleas 27th Judicial District, and the Unified Judicial System of Pennsylvania (collectively, the "Judicial Entity Defendants"), ECF No. 18, and Defendant Washington County, ECF No. 21. For the foregoing reasons, the Court will GRANT the Motions brought by Mr. Grimm, Mr. DiSalle, and the Judicial Entity Defendants and DENY Washington County's Motion.

**I.   Background**

This case arises from the termination of the Plaintiff, Elizabeth Sullivan, from her position as a problem-solving court administrator with the Washington County Court of Common Pleas on August 16, 2023. *See* ECF No. 1. The relevant factual allegations, taken as true, are as follows.

Ms. Sullivan began working for Washington County in 1999. ECF No. 1-1 ¶ 14. In 2016, Ms. Sullivan began working in the Washington County Court of Common Pleas, first as a pre-trial services coordinator, then as a specialty courts coordinator, and finally as a problem-solving court administrator. *Id.* ¶¶ 15–16. The Washington County Court of Common Pleas is the 27th Judicial District within Pennsylvania's state court system, also known as the Unified Judicial System of Pennsylvania (the "UJS"). During the time she worked in the Washington County Court of Common Pleas, Ms. Sullivan was simultaneously supervised both by John DiSalle, a Judge of the Washington County Court of Common Pleas, and Patrick Grimm, the Court Administrator of the Washington County Court of Common Pleas. *Id.* ¶¶ 2–3, 17–18.

Ms. Sullivan alleges that Judge DiSalle regularly denied Defendants the opportunity to have counsel present during "sanction hearings" in "Veterans Court," one of the "Specialty Courts" within the Washington County Court of Common Pleas which offers a diversionary program for criminal defendants who are veterans of the armed services. *Id.* ¶¶ 19–24. The sanction hearings address potential violations of veteran defendants' probation conditions and, when the veteran defendant is found to have violated such conditions, may result in their incarceration. *Id.* ¶ 22.

Ms. Sullivan alleges that she informed Judge DiSalle that defendants have a constitutional right to have counsel present at the sanction hearings. *Id.* ¶ 25. Ms. Sullivan further alleges that, after she did so, Mr. Grimm informed her that she was no longer permitted to attend sanctions hearings. *Id.* ¶ 26. Ms. Sullivan then reported her concern regarding the absence of counsel at sanction hearings directly to the Administrative Office of Pennsylvania Courts ("AOPC"), which subsequently determined that DiSalle had violated the UJS Policy on Non-Discrimination and Equal Employment Opportunity. *Id.* ¶¶ 30, 34–36. As a result of its findings, the AOPC directed

2

Judge DiSalle to step down as the President Judge of the Washington County Court of Common Pleas. *Id.* ¶38.

Unrelated to Judge DiSalle's alleged practice of denying veterans counsel during sanction hearings, Ms. Sullivan also contends that, from 2020 through 2022, Judge DiSalle repeatedly told Ms. Sullivan that Ms. Sullivan "did not like Black people." *Id.* ¶ 39, 43. These comments upset Ms. Sullivan, who has Black family members, and prompted her to make another complaint to the AOPC. *Id.* ¶¶ 39–48.

Allegedly in retaliation for her complaints to the AOPC, Judge DiSalle and Mr. Grimm eliminated Ms. Sullivan's position at the Washington County Court of Common Pleas under the guise of a court personnel restructuring that was approved by the Washington County Salary Board on August 16, 2023. *Id.* ¶¶ 33, 51. Ms. Sullivan asserts that Judge DiSalle "deceiv[ed]" the Salary Board into thinking that Ms. Sullivan's job was not being eliminated in the restructuring, when in fact it was. *Id.* ¶ 33.

Ms. Sullivan filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 10, 2023, naming Judge DiSalle as the only respondent. ECF No. 25-2 at 4. Ms. Sullivan amended the EEOC charge on or about June 10, 2024, adding Washington County, Patrick Grimm, the AOPC, and the UJS as respondents. *Id.* at 11–13.[1]

On January 31, 2025, Ms. Sullivan filed this lawsuit in the Washington County Court of Common Pleas, bringing claims for retaliatory termination under Title VII of the Civil Rights Act of 1974, the substantive due process clause of the Fourteenth Amendment of the United States Constitution, and the Pennsylvania Human Rights Act ("PHRA"), as well as claims for tortious

---

[1] Ms. Sullivan alleges that she received a right-to-sue letter from the EEOC and timely filed her Complaint within 90 days, ECF No. 1-1 ¶ 8, but the right-to-sue letter was not attached to the Complaint or any of Ms. Sullivan's briefing to date. However, Defendants do not challenge Ms. Sullivan's timeliness in filing suit in the Court of Common Pleas. *See generally* ECF Nos. 13, 15, 19, 22, 26–27.

3

interference with a contract and breach of implied in fact contract under Pennsylvania common law. ECF No. 1. On March 13, 2025, with the consent of the other Defendants, Mr. Grimm timely removed the action to this Court.[2] *Id*. All Defendants now move to dismiss Ms. Sullivan's claims against them. ECF Nos. 12, 14, 18, 21. The Motions are fully briefed and ripe for resolution. ECF Nos. 13, 15, 19, 25, 26, 27.

## II.   Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to

---

[2] Mr. Grimm properly removed pursuant to 28 U.S.C. § 1441. The Court has jurisdiction over Ms. Sullivan's Title VII and Fourteenth Amendment substantive due process claims under 28 U.S.C. § 1331 because they raise federal questions. The Court may exercise supplemental jurisdiction over Ms. Sullivan's state-law claims under 28 U.S.C. § 1367.

4

> the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a prima facie case in order to survive a motion to dismiss.").

### III. Legal Analysis

Mr. Grimm, Judge DiSalle, the Judicial Entity Defendants, and Washington County each move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Ms. Sullivan's claims against them fail as a matter of law. ECF Nos. 12, 14, 18, 21. The Court will address each of Ms. Sullivan's claims in turn.

#### A. Ms. Sullivan Fails to State a Substantive Due Process Claim Against the Individual Defendants

Ms. Sullivan bring claims against Mr. Grimm and Judge DiSalle (collectively, the "Individual Defendants") for violating her substantive due process rights under the Fourteenth Amendment of the United States Constitution (Counts VI, VII), along with various claims under Pennsylvania common law (Counts III, IV, V).³ ECF No. 1. The Court will first address the

---

³ The Complaint also brings claims against all Defendants under the Pennsylvania Human Rights Act or PHRA (Count I) and against the Individual Defendants under Title VII of the Civil Rights Act (Count II). ECF No. 1. However, in her response opposing Defendants' Motions, Ms. Sullivan withdraws her PHRA claims against all Defendants, ECF No. 25 at 6, and, conceding that individual employees are not proper defendants under Title VII, withdraws her Title VII claims against the Individual Defendants. *Id.* at 17.

5

substantive due process claims against the Individual Defendants. The thrust of these claims is that Judge DiSalle and Mr. Grimm deprived Ms. Sullivan of her "property right in continued employment, albeit at-will employment" by terminating her position at the Washington County Court of Common Pleas. ECF No. 1-1, ¶¶ 92, 102.

None of the parties' briefing discusses Ms. Sullivan's substantive due process claims under the framework of 28 U.S.C. § 1983. Presumably, that is because Ms. Sullivan initially filed suit in state court before Defendants removed the action to federal court. Nevertheless, the sole "vehicle by which federal constitutional claims against state and local government officials may be brought in federal court is 42 U.S.C. § 1983." *Fagan v. Goode*, No. CV 24-5519, 2025 WL 52076, at *2 (E.D. Pa. Jan. 7, 2025). The Court will therefore consider Ms. Sullivan's substantive due process claims under the § 1983 framework.

To state a claim under § 1983, plaintiffs must plead that they were "deprived of a federal constitutional or statutory right by a state actor[.]" *Coulter v. Coulter*, No. 23-2222, 2024 WL 163081, at *1 (3d Cir. 2024); *see also Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (quoting 42 U.S.C. § 1983). Thus, courts consider whether a plaintiff has "identif[ied] the exact contours of the underlying right said to have been violated" and "whether the plaintiff has alleged a deprivation of a constitutional right at all." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (en banc) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)). Further, courts must also address the state actor element, which requires an individual to "have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Harvey*, 635 F.3d at 609 (quoting *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998)).

Here, the Individual Defendants do not dispute that they are state actors. *See generally* ECF Nos. 13, 15. Additionally, it is well-settled that state judicial employees are state actors under § 1983. *See Martin v. Zook*, No. 87-3775, 1988 WL 33919, at *2 (E.D. Pa. 1988) (employees "of the Court of Common Pleas of Lancaster County . . . are clearly state actors."). Accordingly, having determined that the Individual Defendants are state actors, the Court will consider whether they violated Ms. Sullivan's substantive due process rights under the Fourteenth Amendment of the United States Constitution. There are two types of substantive due process claims: challenges to legislative acts and challenges to non-legislative state action. *Nicholas v. Pa. State. Univ.*, 227 F.3d 133, 139–40 (3d Cir. 2000). To establish a substantive due process claim predicated on a non-legislative act, "a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and that the government's deprivation of that protected interest shocks the conscience." *Chainey v. St.*, 523 F.3d 200, 219 (3d Cir. 2008). Thus, a plaintiff alleging a substantive due process violation "must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies." *Nicholas*, 277 F.3d at 140. "[N]ot all property interests worthy of procedural due process protection are protected by the concept of substantive due process." *Id.* at 140 (quoting *Reich v. Beharry*, 883 F.2d 239, 243 (3d Cir. 1989)). Instead, "a property interest must be constitutionally 'fundamental' in order to implicate substantive due process." *Id.* at 141. And whether a property interest is fundamental "is *not* determined by reference to state law, but rather depends on whether that interest is 'fundamental' under the United States Constitution." *Id.* at 140 (emphasis added).

The United States Court of Appeals for the Third Circuit has held that public employment is not a fundamental property interest entitled to substantive due process protection. *Id.* at 142;

*Morgan v. Fiorentino*, 811 F. App'x 798, 803 (3d Cir. 2020) ("[A] property interest in a tenured professorship [at a public university] is not entitled to substantive due process protection.")

Relying on *Nicholas*, the Individual Defendants contend that Ms. Sullivan does not have a protected property interest in her employment and therefore fails to state a substantive due process claim. ECF Nos. 13 at 13, 15 at 17. Ms. Sullivan argues that the Pennsylvania Supreme Court's decision in *Salsberg v. Mann*, 310 A.3d 104 (2024) establishes that Plaintiff's "continued expectation of employment" at the Court of Common Pleas "constitutes a property interest" protected by substantive due process. ECF No. 25 at 8–9. In *Salsberg*, the Pennsylvania Supreme Court "explicitly recognized a claim for intentional interference with an existing at-will employment relationship by a third party[.]" 310 A.3d at 122. But the *Salsberg* plaintiff did not assert a substantive due process claim, and whether Ms. Sullivan's employment is protected by substantive due process "is not determined by reference to state law, but rather depends on whether [her] interest [in public employment] is 'fundamental' under the United States Constitution."[4] *Nicholas*, 227 F.3d at 140. Because public employment is not a fundamental interest entitled to substantive due process protection, Ms. Sullivan's substantive due process claims against the Individual Defendants fail.

The Court is satisfied that any amendment of Ms. Sullivan's substantive due process claims against the Individual Defendants would be futile. *See Hanna v. Avila*, No. 1:12-CV-256, 2012 WL 1952175, at *5 (M.D. Pa. 2012) (amendment of substantive due process claim futile where plaintiff fails to allege a fundamental interest protected by substantive due process). Accordingly,

---

[4] In his brief, Mr. Grimm directs the Court to several cases supporting the proposition that, under Pennsylvania law, public employees generally have no property interest in their employment. ECF No. 12 ¶ 48. However, Mr. Grimm does so only to demonstrate that Ms. Sullivan cannot establish a *procedural* due process violation "to the extent that Plaintiff alleges" one. *Id.* ¶ 45. But Ms. Sullivan only brings substantive due process claims, and the relevant inquiry under substantive due process is whether the property interest at issue is fundamental under the United States Constitution. *See Nicholas*, 227 F.3d at 140.

the Court will dismiss those claims (Counts VI, VII) with prejudice. Ms. Sullivan's remaining counts against the Individual Defendants arise under state law. The Court declines to exercise supplemental jurisdiction over these claims because it will dismiss all claims against the Individual Defendants over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c), (c)(3). Accordingly, the Court will remand those claims (Counts III, IV, V) to state court and terminate Judge DiSalle and Mr. Grimm as Defendants in this case.

### B. Ms. Sullivan Fails to State a Federal Claim Against the Judicial Entity Defendants

Ms. Sullivan brings claims against the Judicial Entity Defendants under Title VII of the Civil Rights Act (Count II), as well as for violating her substantive due process rights under the Fourteenth Amendment of the United States Constitution (Count VI), and under Pennsylvania tort and contract law (Counts III, V).[5] ECF No. 1. The Court will first consider Ms. Sullivan's federal claims. The thrust of Ms. Sullivan's substantive due process claim against the Judicial Entity Defendants is that the Judicial Entity Defendants deprived Ms. Sullivan of her "property right in continued employment, albeit at-will employment" by terminating her position at the Washington County Court of Common Pleas, ECF No. 1-1 ¶¶ 92, 102. Ms. Sullivan's Title VII claim against the Judicial Entity Defendants asserts that the Judicial Entity Defendants terminated Ms. Sullivan for her reports to AOPC about Judge DiSalle. *Id.* ¶¶ 53–54. For the reasons set forth below, Ms. Sullivan fails to state a federal claim against the Judicial Entity Defendants.

#### 1. Ms. Sullivan Fails to State a Substantive Due Process Claim Against the Judicial Entity Defendants under the Fourteenth Amendment of the United States Constitution

As the Court discussed previously, none of the parties briefed Ms. Sullivan's substantive due process claims under the framework of 28 U.S.C. § 1983. But because § 1983 is the sole

---

[5] As noted above, Ms. Sullivan withdraws her PHRA claims against the Judicial Entity Defendants in her response to Defendants' Motions (Count I). ECF No. 25 at 6.

"vehicle by which federal constitutional claims against state and local government officials may be brought in federal court[,]" the Court will consider Ms. Sullivan's substantive due process claims under the § 1983 framework. *Fagan*, 2025 WL 52076, at *2.

Again, a plaintiff bringing a claim under § 1983 must plead that they were "deprived of a federal constitutional or statutory right by a state actor." *Coulter*, 2024 WL 163081, at *1. However, "it is well-settled that neither a state nor its agencies are considered a 'person' under § 1983, and therefore, are not subject to § 1983 liability." *Walker v. Pennsylvania*, No. 3:12-CV-2162, 2012 WL 5497956, at *2 (M.D. Pa. 2012) (citing *Hafer v. Melo*, 502 U.S. 21, 25–27 (1991)). Furthermore, the Third Circuit has held that Pennsylvania state courts, including county courts of common pleas, are state entities and are therefore not amenable to suit under § 1983. *Callahan v. City of Philadelphia*, 207 F.3d 668, 674 (3d Cir. 2000) ("[A]ll components of the judicial branch of the Pennsylvania government are state entities and thus are not persons for section 1983 purposes."). Accordingly, Ms. Sullivan cannot proceed on a substantive due process claim against the Judicial Entity Defendants.

The Court is satisfied that any amendment of the substantive due process claims against the Judicial Entity Defendants would be futile. *See Taylor v. Beirne*, No. 4:19-CV-00659, 2019 WL 2708561, at *5 (M.D. Pa. 2019), report and recommendation adopted, No. 4:19-CV-0659, 2019 WL 2714859 (M.D. Pa. 2019) (amendment futile where Defendant is not state actor for purposes of § 1983). Accordingly, those claims (Count VI) will be dismissed with prejudice.

      **2.    Ms. Sullivan's Title VII Claim Against the Judicial Entity Defendants Is Time-Barred**

The Judicial Entity Defendants argue that the Title VII claim Ms. Sullivan asserts against them (Count II) is time-barred, because Ms. Sullivan's amended EEOC charge naming the Judicial Entity Defendants as respondents was not filed until more than 180 days after Ms. Sullivan's

10

termination. ECF No. 19 at 6–9. Ms. Sullivan contends that her amended EEOC charge naming the Judicial Entity Defendants "relates back" to the original charge she filed within the 180-day deadline and is therefore timely. ECF No. 25 at 17–18.

A Title VII plaintiff must exhaust administrative remedies by timely filing a charge with the EEOC and obtaining receipt of a right-to-sue-letter from the same before bringing suit in district court. *See Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). Generally, a Title VII plaintiff "must file a discrimination charge with the EEOC within 180 days of the occurrence of the alleged unlawful employment practice."[6] *E.E.O.C. v. Com. Off. Prods. Co.*, 486 U.S. 107, 110 (1988). Ms. Sullivan was terminated from the Washington County Court of Common Pleas on August 16, 2023. ECF No. 1 ¶ 16, 47. The 180-day deadline to file an EEOC charge thus expired on February 12, 2024. Ms. Sullivan's original EEOC charge naming Judge DiSalle as the sole respondent was filed on November 10, 2023. ECF No. 25-2 at 4. Ms. Sullivan's amended EEOC charge naming the Judicial Entity Defendants was filed on or about June 10, 2024.[7] Therefore, while the original EEOC charge naming only Judge DiSalle was timely, the amended charge naming the Judicial Entity Defendants was not.

Neither party has directed the Court to a case in which an EEOC charge was amended to add a new party to an existing EEOC charge after the deadline for initiating EEOC proceedings

---

[6] If the plaintiff "initially institutes proceedings with a state or local agency with authority to grant or seek relief from the practice charged [a "fair employment practices agency"], the time limit for filing with the EEOC is extended to 300 days." *Com. Off. Prods. Co*, 486 U.S. at 110. The Pennsylvania Human Relations Commission ("PHRC") is the fair employment practices agency for Pennsylvania. *See* 29 C.F.R. § 1601.74. But because the PHRC lacks jurisdiction over Pennsylvania state court employees, *see First Jud. Dist. v. PHRC*, 727 A.2d 1110 (Pa. 1999), employees of the Pennsylvania state court system alleging Title VII violations are subject to the 180-day deadline. *See Russo v. Allegheny Cnty.*, No. 10CV00711, 2010 WL 4366288, at *5 (W.D. Pa. Oct. 28, 2010) (Schwab, J.). The parties do not appear to dispute that Ms. Sullivan is subject to the 180-day deadline. *See* ECF Nos. 19, 25.

[7] The Judicial Entity Defendants aver that the amended EEOC charge "is dated June 10, 2024" but "appears to have been filed on June 14, 2024." ECF No. 19 at 8. In either case, the amendment was filed over 180 days after Ms. Sullivan's termination.

had passed. Furthermore, it does not appear that the Third Circuit has addressed this precise issue. However, the facts of this case are much like those presented in *Webb v. Int'l Bhd. of Elec. Workers*, No. 04-3613, 2005 WL 2373869, at *1 (E.D. Pa. Sept. 23, 2005). The *Webb* plaintiff was a trainee in an apprenticeship training program that was affiliated with the plaintiff's union. *Webb*, 2005 WL 2373869, at *1. He alleged that he was terminated from the program in retaliation for reporting sexual harassment and initially filed an EEOC charge naming the union as the sole respondent. *Id*. at 7. The plaintiff subsequently amended the charge to name the training program as an additional respondent, but only after the deadline for filing an EEOC charge had expired. *Id*. Relying on 29 C.F.R. § 1601.12(b), which provides that an EEOC charge "may be amended to cure technical defects or omissions" and that "[s]uch amendments . . . will relate back to the date the charge was first received[,]" the *Webb* plaintiff argued the amended charge naming the training program related back to the original charge and was therefore timely. *Id*.

The court disagreed, concluding that "the addition of the [training program] as a respondent cannot be considered the curing of a technical defect or omission, or as an amplification of allegations, and therefore [plaintiff's] amendment of the charge cannot be related back" to the original charge. *Id*. Finding that the plaintiff's EEOC charge against the training program was therefore untimely, the court considered the factors set forth by the Third Circuit in *Glus v. G.C. Murphy Co.*, 562 F.2d 880 (1977) to determine whether the plaintiff was entitled to an exception from the general requirement that a Title VII defendant first be named in an EEOC charge. *Id*. at 8. Those factors are:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of the named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party

12

> in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.*[8] Because the plaintiff knew of the training program's involvement in his termination at the time he filed the original charge, had not alleged that the training program represented that its relationship with the plaintiff was to be through the union, and had not alleged any facts suggesting the interests of the training program were "so similar" to those of the union such that "it was unnecessary to include the [training program] in the EEOC proceedings," the court concluded the exception did not apply and granted summary judgment to the training program on plaintiff's Title VII claims against the training program for failure to exhaust administrative remedies. *Webb*, 2005 WL 2373869, at *8.

The Court finds the reasoning in *Webb* persuasive. Accordingly, the amended EEOC charge which added the Judicial Entity Defendants as respondents "cannot be considered the curing of a technical defect or omission, or as an amplification of allegations" contained in Ms. Sullivan's original EEOC charge. *Id.* at 7; *see also Fuchilla v. Prockop*, 682 F. Supp. 247, 256 (D.N.J. 1987) ("Failure to name a party is not included among those 'technical defects or omissions' for which a charge may be amended[.]" (quoting 29 C.F.R. § 1601.12(b)). The amended EEOC charge does therefore not relate back to the charge Ms. Sullivan originally filed with the EEOC. Furthermore, none of the factors which would allow Ms. Sullivan to proceed against the Judicial Entity Defendants despite the failure to name them in an EEOC charge are alleged to be present. The Complaint alleges that Ms. Sullivan was an employee of the Judicial

---

[8] As the district court in *Webb* noted, the *Glus* factors are also referred to as the "identify of interest" exception to the general requirement that a Title VII defendant first be named in an EEOC charge. *See, e.g, Smith v. Loc. Union 28 Sheet Metal Workers*, 877 F. Supp. 165, 173 (S.D.N.Y. 1995) (Applying the *Glus* factors to "determin[e] whether an identify of interest exists").

Entity Defendants at the time she was terminated. The Complaint does not, however, allege the Judicial Entity Defendants ever represented that their relationship with her was to be maintained through Judge DiSalle, nor does it allege that the interests of the Judicial Entity Defendants are sufficiently similar to the interests of Judge DiSalle such that it was unnecessary to include the Judicial Entity Defendants in the EEOC process. *See Fuchilla*, 682 F. Supp. at 257 (interests of university, unnamed in EEOC charge, are not sufficiently similar to interests of its employee, named in EEOC charge, to satisfy *Glus* factors). Because Ms. Sullivan failed to name the Judicial Entity Defendants in a timely EEOC Complaint, and because the Complaint does not allege any facts that would excuse that failure, Ms. Sullivan has failed to plead exhaustion of her administrative remedies under Title VII.

The Court will, however, grant Ms. Sullivan leave to amend her Title VII claim against the Judicial Entity Defendants. *See Mansaray v. Wenner*, No. 1:21-CV-351, 2022 WL 463302, at *2 (W.D. Pa. Feb. 15, 2022) (Baxter, J.) ("[I]f a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment."). The Court will defer its consideration of Ms. Sullivan's state-law claims against the Judicial Entity Defendants until Ms. Sullivan has had the opportunity to file an amended complaint.

### C. Ms. Sullivan States a Title VII Claim Against Washington County Because She Has Sufficiently Alleged That Washington County Was Her Joint Employer

Ms. Sullivan brings claims against Washington County under Title VII of the Civil Rights Act (Count II) and under Pennsylvania tort and contract law (Counts III, V).[9] With respect to the Title VII claim, Washington County's sole argument is that Ms. Sullivan was an employee of the Court of Common Pleas and the UJS, and not of Washington County, and that Washington County

---

[9] As noted above, Ms. Sullivan withdraws her PHRA claims against Washington County in her response to Defendants' Motions (Count I). ECF No. 25 at 6.

therefore cannot be liable to Ms. Sullivan under Title VII.  ECF No. 22 at 5–7.  Ms. Sullivan contends that the existence of an employment relationship is a factual inquiry inappropriate for resolution on a motion to dismiss and argues that the Third Circuit's decision in *Graves vs. Lowery*, 117 F.3d 723 (1997) supports her argument that Washington County was her joint employer alongside the UJS.  ECF No. 25 at 6–7.

In *Graves*, the Third Circuit reviewed the dismissal of a Title VII lawsuit brought by clerks employed in a magisterial district court located in and funded by the county-defendant.  117 F.3d at 724–25.  The district court dismissed the clerks' claims against the county-defendant because it concluded that the clerks, who alleged that they were terminated for reporting sexual harassment, were employees of Pennsylvania's court system, and not the county.  *Id*. at 726.  Because the clerks had alleged that they were covered by the county's sexual harassment policies, that they initially reported the harassment to the county, that the county investigated their allegations, and that two of the clerks were initially hired by the county, the Third Circuit ruled that "the employment relationship between the Clerks and the County was sufficiently ambiguous that the Clerks' claim against the County should not have been dismissed at the pleading stage" and reversed.  *Id*. at 729.

Washington County asserts that *Graves* expressly stated that the county's funding of the plaintiffs' positions was, by itself, insufficient to establish a joint employer relationship and, according to Washington County, Ms. Sullivan's only allegation against it is that it paid her salary.  ECF No. 26 at 1–2.  Washington County also invokes *Caso v. Luzerne County*, 2015 WL 1951610 (M.D. Pa. 2015), a decision from the Middle District of Pennsylvania granting summary judgment to the county-defendant on the issue of joint employment because it concluded that the plaintiffs, probation officers in the county's court of common pleas, were statutorily employed by the state court system rather than the county.  ECF No. 22 at 6–7.

Although the Third Circuit has not articulated a formal test for joint employment under Title VII, district courts within the Third Circuit consider the following factors when analyzing whether a joint employment relationship exists: (1) the entity's authority to hire and fire employees, promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; (2) the entity's day-to-day supervision of employees, including employee discipline; and (3) the entity's control of employee records, including payroll, insurance, taxes, and the like. *Hollinghead v. City of York*, Pa., 11 F. Supp. 3d 450, 463 (M.D. Pa. 2014).

Accepting the allegations in the Complaint as true and construing them in the light most favorable to Ms. Sullivan, she has plausibly alleged that Washington County was her joint employer. First, Ms. Sullivan asserts that she began working for Washington County in 1999 and did not begin working in the Washington County Court of Common Pleas until 2016. ECF No. 1-1 ¶¶ 14–15. That is significant, because the Third Circuit stated in *Graves* that the fact that two of the plaintiffs were initially hired by county officials "*alone* should have precluded the district court from deciding the matter [of joint employment] on a motion to dismiss." 117 F.3d at 728 (emphasis added).

Secondly, the Court disagrees with Washington County's assertion that Plaintiff has not sufficiently alleged that the Washington County Salary Board was the entity that voted to eliminate Plaintiff's job. ECF No. 26 at 3. Ms. Sullivan alleges that Judge DiSalle "deceiv[ed]" the County's Salary Board into eliminating her position under the guise of a personnel restructuring, ECF No. 1-1 ¶ 33. That implies the County's Salary Board was the entity that formally eliminated her job.[10]

---

[10] Ms. Sullivan attaches to her Complaint the August 16, 2023 letter she received from Mr. Grimm informing her that "the County's Salary Board voted to abolish" her position and that "[t]herefore, [her] employment with Washington County and the Court will end at the close of business today." ECF No. 1 at Exhibit C.

Finally, the Court is mindful that the existence of a joint employer relationship "is an intensely factual inquiry that can rarely be resolved on a motion to dismiss." *Buka v. Allegheny Cnty.*, No. 2:20-CV-00669-RJC, 2021 WL 1197343, at *4 (W.D. Pa. Mar. 30, 2021) (Colville, J.); *see also Graves*, 117 F.3d at 729 ("[T]he precise contours of an employment relationship can only be established by a careful factual inquiry"); *DeFranks v. Ct. of Common Pleas of Fayette Cnty., Cnty. of Fayette Pennsylvania*, No. 95-327, 1995 WL 606800, at *5 (W.D. Pa. Aug. 17, 1995) (Ambrose, J.) (denying county-defendant's motion to dismiss court reporter's Title VII lawsuit employment and rejecting argument that county was not plaintiff's employer as premature because plaintiff should "be afforded the opportunity to establish the facts relevant to her employment."). The only argument Washington County makes as to why it is entitled to dismissal is that it was not Ms. Sullivan's employer. *See* ECF Nos. 22, 26. Because Washington County fails to show it is entitled to dismissal on that ground at this stage, its Motion to Dismiss Ms. Sullivan's Title VII claim (Count II) will be denied.

Furthermore, Washington County does not address Ms. Sullivan's state-law claims in its briefing. *See* ECF Nos. 22, 26. Accordingly, the Court will not address the sufficiency of Ms. Sullivan's state-law claims against Washington County (Counts III, V) and will allow those claims to proceed to discovery.

## IV.    Conclusion

For the foregoing reasons, the Court will grant the Motions to Dismiss brought by Defendants Patrick Grimm, ECF No. 12, John DiSalle, ECF No. 14, and the Judicial Entity Defendants, ECF No. 18, and deny the Motion to Dismiss brought by Defendant Washington County, ECF No. 21, as further set forth in the accompanying Order. Ms. Sullivan shall file any amended complaint by December 23, 2025. If no amended complaint is filed by that date, the

dismissal without prejudice of Ms. Sullivan's Title VII claim against the Judicial Entity Defendants will be converted to a dismissal with prejudice without further action by the Court. The amended complaint must not include any new claims, and must be limited to the claims against Washington County and the Title VII claim against the Judicial Entity Defendants and all allegations supporting those claims.

DATED this 2nd day of December, 2025.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record