IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH SULLIVAN,<br><br>        Plaintiff,<br><br>    v.<br><br>THE COUNTY OF WASHINGTON;<br>ADMINISTRATIVE OFFICE OF<br>PENNSYLVANIA COURTS; UNIFIED<br>JUDICIAL SYSTEM OF PENNSYLVANIA;<br>and THE WASHINGTON COUNTY<br>COURT OF COMMON PLEAS, 27TH<br>JUDICIAL DISTRICT OF THE UJS,<br><br>        Defendants. | 2:25-CV-00366-CCW |

## **OPINION**

Before the Court is a Motion to Dismiss Plaintiff Elizabeth Sullivan's First Amended Complaint (FAC) by Defendants the Administrative Office of Pennsylvania Courts (the "AOPC"), the Unified Judicial System of Pennsylvania (the "UJS"), and the Washington County Court of Common Pleas, 27th Judicial District of the UJS (collectively, the "Judicial Entity Defendants"). ECF No. 34. For the reasons set forth below, the Court will grant the Motion.

## I.    Background

This case arises from the termination of the Plaintiff, Elizabeth Sullivan, from her position as a problem-solving court administrator with the Washington County Court of Common Pleas on August 16, 2023. *See* ECF No. 34. The relevant factual allegations, taken as true, are as follows.

Ms. Sullivan began working for Washington County in 1999. *Id.* ¶ 16. In 2016, Ms. Sullivan began working in the Washington County Court of Common Pleas, first as a pre-trial services coordinator, then as a specialty courts coordinator, and finally as a problem-solving court

administrator. *Id.* ¶¶ 17–18. The Washington County Court of Common Pleas is the 27th Judicial District within Pennsylvania's state court system, also known as the Unified Judicial System of Pennsylvania (the "UJS"). *Id.* ¶¶ 5–7. During the time she worked in the Washington County Court of Common Pleas, Ms. Sullivan was simultaneously supervised both by John DiSalle, a Judge of the Washington County Court of Common Pleas, and Patrick Grimm, the Court Administrator of the Washington County Court of Common Pleas. *Id.* ¶¶ 2–3, 19–20.

Ms. Sullivan alleges that Judge DiSalle regularly denied Defendants the opportunity to have counsel present during "sanction hearings" in "Veterans Court," one of the "Specialty Courts" within the Washington County Court of Common Pleas which offers a diversionary program for criminal defendants who are veterans of the armed services. *Id.* ¶¶ 21–26. The sanction hearings address potential violations of veteran defendants' probation conditions and, when the veteran defendant is found to have violated such conditions, may result in their incarceration. *Id.* ¶ 24.

Ms. Sullivan alleges that she informed Judge DiSalle that defendants have a constitutional right to have counsel present at the sanction hearings. *Id.* ¶ 26. Ms. Sullivan further alleges that, after she did so, Mr. Grimm informed her that she was no longer permitted to attend sanctions hearings. *Id.* ¶ 28. Ms. Sullivan then reported her concern regarding the absence of counsel at sanction hearings directly to the Administrative Office of Pennsylvania Courts ("AOPC"), which subsequently determined that DiSalle had violated the UJS Policy on Non-Discrimination and Equal Employment Opportunity. *Id.* ¶¶ 32, 36–38. As a result of its findings, the AOPC directed Judge DiSalle to step down as the President Judge of the Washington County Court of Common Pleas. *Id.* ¶ 40.

Unrelated to Judge DiSalle's alleged practice of denying veterans counsel during sanction hearings, Ms. Sullivan also contends that, from 2020 through 2022, Judge DiSalle repeatedly told Ms. Sullivan that Ms. Sullivan "did not like Black people." *Id.* ¶ 41, 45. These comments upset Ms. Sullivan, who has Black family members, and prompted her to make another complaint to the AOPC. *Id.* ¶¶ 48–49. Allegedly in retaliation for her complaints to the AOPC, Judge DiSalle and Mr. Grimm eliminated Ms. Sullivan's position at the Washington County Court of Common Pleas under the guise of a court personnel restructuring that was approved by the Washington County Salary Board on August 16, 2023. *Id.* ¶¶ 35, 53. Ms. Sullivan asserts that Judge DiSalle "deceiv[ed]" the Salary Board into thinking that Ms. Sullivan's job was not being eliminated in the restructuring, when in fact it was. *Id.* ¶ 35.

Ms. Sullivan filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), *pro se*, on November 10, 2023, naming Judge DiSalle as the only respondent. *Id.* ¶ 9. Ms. Sullivan amended the EEOC charge, through counsel, on or about June 10, 2024, adding Washington County, Patrick Grimm, the AOPC, and the UJS as respondents. *Id.* at 72–82. The AOPC, UJS, Judge DiSalle, and Mr. Grimm subsequently submitted a joint position statement to the EEOC in which they argued, *inter alia*, that Ms. Sullivan's charge was untimely. *Id.* at 44–47. On November 4, 2024, having determined that it was unlikely to be able to complete its investigation of Ms. Sullivan's charge within 180 days, the EEOC dismissed the charge and issued Ms. Sullivan notice of her right to sue within 90 days. *Id.* at 95.

On January 31, 2025, Ms. Sullivan filed this lawsuit in the Washington County Court of Common Pleas, bringing claims for retaliatory termination under Title VII of the Civil Rights Act of 1974, the substantive due process clause of the Fourteenth Amendment of the United States Constitution, and the Pennsylvania Human Rights Act ("PHRA"), as well as claims for tortious

3

interference with a contract and breach of implied in fact contract under Pennsylvania common law. ECF No. 1. On March 13, 2025, with the consent of the other Defendants, Mr. Grimm timely removed the action to this Court.[1]  *Id.*  Defendants then filed various motions to dismiss Ms. Sullivan's claims. ECF Nos. 12, 14, 18.

On December 2, 2025, this Court granted in part the motion to dismiss filed by the Judicial Entity Defendants. ECF Nos. 29, 30.[2]  In so doing, the Court concluded that Ms. Sullivan's amended EEOC charge naming the Judicial Entity Defendants was untimely and that the amended charge did not relate back to the original EEOC charge naming only Judge DiSalle. ECF No. 29 at 13–14. The Court further concluded that Ms. Sullivan had not alleged any facts suggesting her the failure to name the Judicial Entity Defendants in a timely EEOC charge should be excused under the "identity of interest" exception. *Id.*  The Court thus dismissed Ms. Sullivan's Title VII claims but granted Ms. Sullivan leave to amend such claims. *Id.*  The Court deferred consideration of Ms. Sullivan's state law claims. *Id.*  On December 23, 2025, Ms. Sullivan filed her FAC asserting Title VII claims against the Judicial Entity Defendants under Title VII and Pennsylvania state law. ECF No. 34 at 11–15. The Judicial Entity Defendants now move for dismissal Ms. Sullivan's Title VII and state law claims. ECF No. 37. The Motion is fully briefed and ripe for resolution. ECF Nos. 38, 40.

## II.    Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. In reviewing a motion to dismiss, the court accepts as true a complaint's

---

[1] Mr. Grimm properly removed pursuant to 28 U.S.C. § 1441. The Court has jurisdiction over Ms. Sullivan's Title VII and Fourteenth Amendment substantive due process claims under 28 U.S.C. § 1331 because they raise federal questions. The Court may exercise supplemental jurisdiction over Ms. Sullivan's state-law claims under 28 U.S.C. § 1367.

[2] In the same order, the Court dismissed Judge DiSalle and Mr. Grimm as Defendants in this case. ECF Nos. 29, 30.

factual allegations and views them in the light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a prima facie case in order to survive a motion to dismiss.").

5

### III.    Legal Analysis

The Judicial Entity Defendants contend they are entitled to dismissal because Ms. Sullivan failed to timely file an EEOC charge naming them.  As the Court explained in its December 2, 2025 opinion, a failure to name a Defendant in a timely EEOC charge may be excused under the "identity of interest exception."  ECF No. 29 at 13 n.8;  *see also Webb v. Int'l Bhd. of Elec. Workers*, No. 04-3613, 2005 WL 2373869, at *1 (E.D. Pa. Sept. 23, 2005).  To determine whether the identity of interest exception applies, courts in the Third Circuit apply the four-factor test set forth in *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977).  *Graudins v. Retro Fitness, LLC,* 921 F. Supp. 2d 456, 464 (E.D. Pa. 2013).  Those factors are:

> whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;  2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;  3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;  [and] 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 464 n.4 (citing *Glus*, 562 F.2d at 888).  The Judicial Entity Defendants assert that the allegations in the FAC foreclose a finding that the "identity of interest" exception applies.  ECF No. 38 at 6–8.  The Judicial Entity Defendants argue that Ms. Sullivan could have ascertained their role in her employment through reasonable effort, because she filed an internal complaint under UJS policy with the AOPC.  *Id.* at 7.  The Judicial Entity Defendants further argue that, because the FAC alleges that the AOPC found against Judge DiSalle in its internal investigation, the interests of the Judicial Entity Defendants are distinct from the interests of Judge DiSalle.  *Id*. at 8.  The Judicial Entity Defendants also note the absence of any allegation that the AOPC or UJS told Ms. Sullivan that her relationship with them should proceed through Judge DiSalle.  *Id*. at 7–8.  In response, Ms. Sullivan points to the FAC's allegation that Judge DiSalle furnished the

6

Judicial Entity Defendants with a copy of the original EEOC charge, ECF No. 34 ¶ 9.  ECF No. 40 at 5.  Ms. Sullivan also argues that, because the Judicial Entity Defendants participated in the EEOC process after she named them in her amended charge, the Judicial Entity Defendants were not prejudiced by the failure to name them in the original EEOC charge.  *Id.*

First, the Court is not persuaded by Ms. Sullivan's argument that her failure to name the Judicial Entity Defendants in a timely EEOC charge is "moot in light of [the Judicial Entity] Defendants['] actual participation [] in the EEOC Conciliation Process." *Id*.  The Judicial Entity Defendants' participation in the EEOC process may be relevant under the third *Glus* factor, which assesses whether the unnamed party's absence from the EEOC process resulted in actual prejudice.  Thus, the fact that the Judicial Entity Defendants ultimately submitted a position paper to the EEOC process may tend to support, if only slightly, a finding that the identity of interest exception applies.  But this consideration cannot be dispositive.

As the Court explained in its December 2, 2025 opinion, district courts apply the *Glus* factors in cases where, like here, a Title VII plaintiff files a timely EEOC charge and then later, after the deadline for bringing charges has expired, amends their charge to add new parties.  ECF No. 29 at 12–13;  *see, e.g.*, *Webb*, 2005 WL 2373869, at *1;  *Fuchilla v. Prockop*, 682 F. Supp. 247, 250 (D.N.J. 1987).  In these cases, the party unnamed in the original charge will invariably have participated in the EEOC process after the plaintiff files the amended charge naming such party.  If that party's post-amendment participation in EEOC process is dispositive under *Glus*, the identity of interest exception would *always* allow a Title VII plaintiff to add a new party to their EEOC charge after the deadline for filing charges has expired.  Thus, the Judicial Entity

7

Defendants' participation in the EEOC process is not dispositive under *Glus* and, at most, only weakly favors Ms. Sullivan's position that the identify of interest exception applies.[3]

Furthermore, consideration of the remaining *Glus* factors and the allegations in the FAC makes clear that the identify of interest exception does not apply.  First, the Court agrees with the Judicial Entity Defendants that Ms. Sullivan could have ascertained their role when she filed her original EEOC charge, because she contemporaneously filed an internal complaint with the AOPC under the UJS' nondiscrimination policy.  ECF No. 34 ¶ 9.  The first *Glus* factor thus favors the Judicial Entity Defendants.  Second, the interests of the Judicial Entity Defendants in the EEOC process were distinct from the interests of Judge DiSalle.  Under the second *Glus* factor, the interests of an employee alleged to have engaged in discriminatory or improper conduct are generally distinct from the interests of their employer.  *See Fuchilla*, 682 F. Supp. at 257 (interests of university, unnamed in EEOC charge, not sufficiently similar to interests of employee, named in EEOC charge, to satisfy second *Glus* factor).  And, here, the Judicial Entity Defendants found against Judge DiSalle in their internal investigation of Ms. Sullivan's complaint to the APOC.  ECF No. 34 at 100 (letter from AOPC to Ms. Sullivan stating that "[a] thorough review found violations of the UJS Policy on Non-Discrimination and Equal Employment Opportunity[.]").  The second *Glus* factor therefore favors the Judicial Entity Defendants as well.  Finally, as the Judicial Entity Defendants note, Ms. Sullivan does not allege that they ever represented that her relationship with them was to be through Judge DiSalle.  *See generally* ECF No. 34.  The fourth factor thus also favors the Judicial Entity Defendants.

---

[3] Indeed, after Ms. Sullivan amended her EEOC charge to add Mr. Grimm, the AOPC, and the UJS as Defendants, all three Defendants, along with Judge DiSalle, submitted a joint position statement to the EEOC in which they asserted that Ms. Sullivan's amended charge was filed outside the 180-day deadline set forth in C.F.R. § 1601.13.

Considering all four *Glus* factors on balance and the allegations in the FAC, Ms. Sullivan has failed to allege an "identify of interest" between the Judicial Entity Defendants and Judge DiSalle.  Her failure to name the Judicial Entity Defendants in a timely EEOC charge therefore entitles the Judicial Entity Defendants to dismissal of her Title VII Claim (Count II).  The Court will dismiss Ms. Sullivan's Title VII claim with prejudice because it finds that further amendment would be futile.  *See Kehl v. Allegheny Cty*, No. 24-CV-60, 2025 WL 2430038, *8 (W.D. Pa. Aug. 22, 2025) (Wiegand, J.) (dismissing claims with prejudice where "plaintiff [failed] to cure[] the deficiencies identified in the Court's prior Opinion despite being afforded an opportunity to do . . . as further amendment would be futile.").

Ms. Sullivan's remaining counts against the Judicial Entity Defendants arise under state law.  ECF No. 34 at 12–14 The Court declines to exercise supplemental jurisdiction over these claims because it will dismiss all claims against the Individual Defendants over which it has original jurisdiction.  *See* 28 U.S.C. § 1367(c), (c)(3).  Accordingly, the Court will remand those claims (Counts III, V) to state court and terminate the Judicial Entity Defendants from this case.

## IV.     Conclusion

For the foregoing reasons, the Court will GRANT the Judicial Entity Defendant's Motion to Dismiss, ECF No. 37, and dismiss Ms. Sullivan's Title VII claim (Count II) WITH PREJUDICE as to the Judicial Entity Defendants only.  The Court will remand Ms. Sullivan's state law claims (Counts III and V) against the Judicial Entity Defendants only, to state court.  The Court will also DISMISS WITH PREJUDICE the Judicial Entity Defendants from this case.


DATED this 15th day of July 2026.

9

BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge


cc (via ECF email notification):

All Counsel of Record